IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:22mj6169 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| v. | ) | |
| | ) | |
| RICHARD J. STEINLE, | ) | <u>UNITED STATES' RESPONSE TO</u> |
| | ) | <u>DEFENDANT'S MOTION TO DISMISS</u> |
| Defendant. | ) | |

Now comes the United States of America, by and through the undersigned counsel, and submits its Response to Defendant's Amended Motion to Dismiss. *See* ECF at Doc. # 17, PageID 65-84.[1] For the following reasons, this Court should deny Defendant's Motion.

## I.   PROCEDURAL HISTORY

On August 3, 2022, the United States filed a criminal complaint charging Defendant with the offense of Injurious Articles Nonmailable, in violation of Title 18, United States Code, Section 1716(j)(1). ECF at Doc. # 1, PageID 1-8. The complaint was supported by an affidavit from Postal Inspector Daniel Senchesak of the United States Postal Inspection Service. *Id*. On

---

[1]   Defendant originally filed a Motion to Strike Affidavit in Support/Dismiss Complaint on April 6, 2023, with a caption that included the assigned Magistrate Judge as well as District Judge Benita Y. Pearson, to whom this case is not assigned. ECF at Doc. # 12. On April 14, 2023, in response to the Magistrate Judge's Order to Show Cause, Defendant filed an Amended Motion to Dismiss in which he removed District Judge Pearson and the Motion to Strike from the caption. ECF at Doc. # 17. The amended motion is identical to the original motion in every other respect.

1

August 5, 2022, contemporaneous with the execution of a federal search warrant at his home, investigators arrested Defendant on the warrant resulting from the complaint. *See* ECF at Doc. # 10, PageID 28. Defendant made an initial appearance before the magistrate judge on the same day, at which he requested a preliminary hearing to determine probable cause for the filing of the complaint. ECF at Minutes of Proceedings, 08/05/2022. Defendant was released on bond pending further proceedings. *Id*.; Doc. # 6, PageID 19-21. On August 9, 2022, Defendant filed a Waiver of Preliminary Hearing and no further hearing was held. ECF at Doc. # 9, PageID 26.

Following Defendant's arrest and initial appearance, counsel for the parties engaged in ongoing discussions regarding a potential resolution of the case. Those discussions included a potential plea to an information by plea agreement to a limited number of offenses. Based on those discussions and the expectation of a resolution, the United States, with Defendant's agreement, held off on further proceedings related to the case. On or about March 27, 2023, defense counsel informed the United States that Defendant, rather than enter into the proposed plea agreement, intended to file a motion to dismiss the complaint. Defendant filed a Motion to Dismiss and a Motion Requesting Hearing on April 6, 2023. ECF at Docs. # 12 and 13.

On April 10, 2023, the magistrate judge issued an Order to Show Cause, directing Defendant to "demonstrat[e] what authority, if any, a magistrate judge has to rule on Defendant's a) motion to dismiss the complaint, b) motion to strike Plaintiff's affidavit, and/or c) motion for a *Franks* hearing." ECF at Doc. # 14, PageID 59. Both parties responded to the Order to Show Cause. ECF at Docs. # 15 and 20. Defendant also filed an amended motion requesting hearing and the instant amended motion to dismiss and on April 14, 2023, captioning both only to the assigned magistrate judge. ECF at Docs. # 17 and 18. On May 3, 2023, the magistrate judge determined that she did not have authority to rule on Defendant's motions and directed the Clerk

to assign the case to a district judge. ECF at Doc. # 21. The case was then assigned to this Court.

## II. LAW AND ARGUMENT

### A. Defendant waived his right to challenge the sufficiency of the complaint affidavit to establish probable cause.

Defendant asks this Court to dismiss the criminal complaint against him in this case, alleging that it "is so facially deficient that it cannot serve as probable cause for his arrest." ECF at Doc. # 17, PageID 68. A federal criminal defendant charged by complaint with a crime other than a petty offense is entitled to a preliminary hearing at which a magistrate must determine whether there is probable cause to believe the defendant committed the offense charged. Fed.R.Crim.P. 5.1(a), (e), (f). A defendant may waive such a hearing, however, and thus give up his right to challenge the sufficiency of the complaint affidavit to establish probable cause. Fed.R.Crim.P. 5.1(a)(1).

As noted above, on August 9, 2022, Defendant filed a Waiver of Preliminary Hearing in this case. ECF at Doc. # 9, PageID 26. Based upon that waiver of his right to challenge probable cause, "the Court is entitled to conclude that probable cause supports the United States' allegation that the defendant was involved in" the offense charged in the complaint. *United States v. Vance*, No. 2:10-MJ-0011, 2010 WL 148146, at *1 (S.D. Ohio Jan. 12, 2010). Defendant had the opportunity to review the complaint and affidavit prior to filing his waiver, and there has been no change in the circumstances supporting probable cause since the filing of the complaint. Defendant has shown no grounds upon which this Court should set aside his waiver and reconsider the issue of probable cause. Accordingly, this Court should find that Defendant has waived the issue and deny the motion.

### B. Postal Inspector Senchesak's affidavit established probable cause for the complaint.

Even if Defendant's waiver of the preliminary hearing does not bar him from now challenging the complaint affidavit, his motion to dismiss fails on the merits and should be denied because Postal Inspector Senchesak's affidavit provided sufficient information upon which the magistrate could find probable cause to support the complaint.

A criminal complaint and its supporting affidavit are sufficient to establish probable cause where the information they contain provides a foundation for the reviewing magistrate "to make a neutral judgment that resort to further criminal process is justified." *Jaben v. United States*, 381 U.S. 214, 224 (1965). To do so, a complaint affidavit relies on two categories of information: "(1) that information which, if true, would directly indicate commission of the crime charged, and (2) that which relates to the source of the directly incriminating information." *Id*. at 223. There is no requirement, however, "that each factual allegation which the affiant puts forth must be independently documented, or that each and every fact which contributed to his conclusions be spelled out in the complaint." *Id*. at 224. "It simply requires that enough information be presented to the [magistrate] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." *Id*. at 224-25.

Postal Inspector Senchesak's affidavit clearly met these requirements. It set forth the training and experience he had acquired during his fifteen years as a United States Postal Inspector. ECF at Doc. # 1-1, PageID 2-4. The affidavit also cited and explained the statutes and USPS publication which were relevant to the charges in the complaint. *Id*. at PageID 3-4. Postal Inspector Senchesak then set forth in detail information that he obtained during the investigation of a series of apparently related mailings to various public officials in multiple

states which contained suspected feces and originated from the same sender. *Id*. at PageID 4-7. That information included the fact that between August 2021 and July 2022, approximately three dozen such mailings were received in the offices of public officials in Ohio, Kentucky, California, and Washington D.C., and that all of the mailings bore one of three related return addresses in Akron and Kent, Ohio. *Id*. The affidavit also set forth the investigative steps which led to the identification of Defendant as the sender of the mailings, including a July 27, 2022, surveillance operation in which an investigator followed Defendant from his residence to a post office mailbox in Akron, Ohio, where Defendant deposited a letter that bore the same return address as several other mailings and contained suspected feces. *Id*. at PageID 6-7. For each piece of information provided in the affidavit, Postal Inspector Senchesak cited the source of the information and/or the manner in which the information or evidence was gathered. *Id*. at PageID 4-7. In doing so, he provided both types of information described in *Jaben* to establish probable cause.

The affidavit also provided the basis for Postal Inspector Senchesak's conclusion that in committing the acts described, Defendant violated 18 U.S.C. § 1716(j)(1). Specifically, Postal Inspector Senchesak averred in Paragraph 5 of the affidavit:

> a. That 18 U.S.C. § 1716(j)(1) prohibits a person from knowingly depositing for mailing or delivery, or knowingly causing to be delivered by mail, according to the direction thereon, or at any place at which it is directed to be delivered by the person to whom it is addressed, anything declared nonmailable by § 1716, unless in accordance with the rules and regulations authorized to be prescribed by the Postal Service.
>
> b. That 18 U.S.C. § 1716(a) defines nonmailable matter as all kinds of poison, and all articles and compositions containing poison, and all poisonous animals, insects, reptiles, and all explosives, hazardous materials, inflammable materials, infernal machines, and mechanical, chemical, or other devices or compositions which may ignite or explode, and all disease germs or [scabs], and all other natural or artificial articles, compositions, or material which may kill or injure another, or injure the mails or other property, whether or not sealed as first-class

matter.

c. That according to 18 U.S.C. § 1716(b), the Postal Service may permit the transmission in the mails, under such rules and regulations as it shall prescribe as to preparation and packing, of any such articles which are not outwardly or of their own force dangerous or injurious to life, health, or property.

d. That according to the United States Postal Service (USPS) Publication 52, Hazardous, Restricted, and Perishable Mail ("Pub 52"), biological and regulated medical waste are not permitted in domestic mail except when they are intended for medical or veterinary use, research, or laboratory certification related to the public health; and only when such materials are properly prepared for mailing to withstand shocks, pressure changes, and other conditions related to ordinary handling in transit. This mailing constitutes a risk of exposure for USPS employees and the addressee to infection or disease. Based on training and experience of I, this mailing falls under 18 U.S.C. § 1716(a) as a "material which may kill or injure another, or injure the mails or other property."

ECF at Doc. # 1-1, PageID 3-4.

Thus, the affidavit set forth sufficient facts to describe in detail what conduct Defendant was alleged to have performed, as well as how that conduct constituted a violation of the statute under which he was charged. That information clearly allowed the magistrate to "make a neutral judgment that resort to further criminal process [was] justified," and "that the charges [were] not capricious and [were] sufficiently supported to justify bringing into play the further steps of the criminal process." *Jaber* at 223-25 (contrasting *Giordenello v. United States*, 357 U.S. 480 (1958) (affidavit insufficient to establish probable cause where it simply recited the words of the criminal statute and added the date of the alleged offense, and "gave no source information whatsoever.")).

In his motion, Defendant sets forth a series of events that he alleges occurred during his arrest and the execution of a search warrant at his home on August 5, 2022. ECF at Doc. # 17, PageID 65-67. The United States disputes the accuracy of Defendant's factual allegations. However, because the events of August 5, 2022, are irrelevant to the determination of whether

the complaint filed on August 3, 2022, was supported by probable cause, it is unnecessary at this time for the United States to address those inaccuracies.

As to the issue of probable cause, Defendant argues that the affidavit was deficient in two respects. First, he claims that by failing to define the term "feces" or to establish with certainty that the contents of the mailings were feces, the affidavit omits an essential fact. ECF at Doc. # 17, PageID 70-71. Defendant even offers an alternative Webster's Dictionary definition of "feces," uncommon in everyday usage, which would place the material outside the category of items prohibited under § 1716(a) and (j)(1). ECF at Doc. # 17, PageID 70. This argument, however, relies on a meaning of probable cause that no court has applied. The Supreme Court has observed that probable cause is a "practical, nontechnical conception[]" that deals with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates,* 462 U.S. 213, 231, (1983) (internal quotations and citations omitted). To credit Defendant's argument regarding the definition of "feces" would first require the Court to ignore the practical, everyday meaning of the term and find that Postal Inspector Senchesak may have had in mind Defendant's alternate definition when he wrote the affidavit, or that the magistrate, when reading the affidavit, had such a meaning in mind or was confused by the term. Both ideas strain credulity and this Court should give Defendant's argument no weight.

Likewise, there is no requirement that, to establish probable cause, the affidavit must demonstrate with certainty that the material contained in the mailings was feces. "The process [of determining probable cause] does not deal with hard certainties, but with probabilities." *United States v. Cortez*, 449 U.S. 411, 418 (1981). It is sufficient that, based upon the information obtained through the investigation and the circumstances surrounding the mailings

7

(including Defendant wearing gloves when handling one soiled envelope on July 27, 2022), a person with Postal Inspector Senchesak's training and experience could conclude that the material was feces. Further proof on this point may be required to establish Defendant's guilt beyond a reasonable doubt, but for purposes of establishing probable cause, the information provided in the affidavit was sufficient. *Cf. United States v. Lewis*, No. 14-CR-20420, 2016 WL 4919993, at *4 (E.D. Mich. July 27, 2016) (no requirement that affidavit provide laboratory results from testing of drugs to establish probable cause for trafficking offense where experienced officer and totality of circumstances indicated nature of substance as narcotics).

Defendant's second argument is that the affidavit inaccurately categorized feces as a nonmailable substance pursuant to USPS Publication 52. ECF at Doc. # 17, PageID 72-77. In support of this argument, Defendant attempts to dissect Paragraph 5(d) of Postal Inspector Senchesak's affidavit to show that certain terms used do not apply to feces and that, therefore, the affidavit failed to show a violation of 18 U.S.C. § 1716(j)(1). Defendant further alleges that this perceived misstatement was an intentional effort by Postal Inspector Senchesak to mislead the Court into issuing the complaint in this case.

Defendant's arguments are without merit for several reasons. First, "[t]here is a presumption in the law that a district court knows and applies the law correctly." *United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006). Thus, even if Postal Inspector Senchesak did misstate the law or USPS regulation, the magistrate judge would not be misled as to a matter of law. *See United States v. Buchanan*, 2006 F. App'x 0183P (6th Cir. 2006); *United States v. Ayers*, 428 F.3d 312, 315 (D.C. Cir. 2005). Additionally, and despite Defendant's attempts to show differently, there is no evidence that Postal Inspector Senchesak intentionally tried to mislead the Court. Indeed, as explained below, there would be no motivation for him to do so

because feces do indeed fall under the category of prohibited items set forth in § 1716(a) and USPS Publication 52.

Paragraph 5 of the affidavit and its subparagraphs set forth Postal Inspector Senchesak's knowledge regarding the application of § 1716 and USPS Publication 52 to regulate or restrict the mailing of certain categories of materials. USPS Publication 52, Section 346.12, states, in pertinent part:

> **Division 6.2, Infections Substances.** Division 6.2 materials include infectious substances, *biological products, regulated medical waste*, sharps medical waste, used health care products, and forensic materials. Division 6.2 materials are not permitted in international mail or domestic mail, except when they are intended for medical or veterinary use, research, or laboratory certification related to the public health; and only when such materials are properly prepared for mailing to withstand shocks, pressure changes, and other conditions related to ordinary handling in transit.

Gov. Exhibit 1 – USPS Pub. 52, Section 346.12 (emphasis added).

Thus, Division 6.2 of Section 346.12 describes "infections substances," the mailing of which is prohibited except for certain purposes and with certain packaging requirements. According to Division 6.2(a):

> *Infectious substance* means a material known or reasonably expected to contain a pathogen. A pathogen is a microorganism that can cause disease in humans or animals. Examples of pathogens include bacteria, viruses, fungi, and other infectious agents.

Gov. Exhibit 1 – USPS Pub. 52, Section 346.12, Division 6.2(a).

In determining the sufficiency of an affidavit to establish probable cause, "judges may consider what is or should be common knowledge." *United States v. Reichling*, 781 F.3d 883, 887 (7th Cir. 2015) (quotations and citation omitted). It is well-known that feces contain (or can be reasonably expected to contain) pathogens such as "bacteria, viruses…and other infectious agents." *Id*. Accordingly, feces are an "infectious substance" under Division 6.2 and, thus, "are

9

not permitted in international mail or domestic mail, except when they are intended for medical or veterinary use, research, or laboratory certification related to the public health; and only when such materials are properly prepared for mailing to withstand shocks, pressure changes, and other conditions related to ordinary handling in transit," just as Postal Inspector Senchesak averred in Paragraph 5(d). Though he included in Paragraph 5(d) specific reference to "biological and regulated medical waste," it is clear from the affidavit that Postal Inspector Senchesak was referencing Publication 52, and specifically Division 6.2, for the purpose of stating for the Court the basis upon which material such as feces is restricted or regulated for mailing. Nothing in Paragraph 5(d) is false. Postal Inspector Senchesak cited Publication 52 and provided an accurate statement of a provision in the applicable portion of that document. He did not, as Defendant alleges, assert that feces are "biological and regulated medical waste." Moreover, the fact that the affidavit does not quote USPS Publication 52 at length in setting forth the legal basis for the alleged violation does not render it insufficient to establish probable cause.

To the contrary, the affidavit set forth detailed facts of the investigation which showed that an offense had been committed and that there was sufficient evidence to believe Defendant had committed it. Further, Postal Inspector Senchesak cited to the relevant statutes and regulations in order to provide a basis for the magistrate to understand what offense was alleged and to determine whether probable cause existed to support the issuance of the complaint. Defendant has failed to show that the affidavit was at all deficient, let alone so insufficient as to render the complaint invalid and subject to dismissal. His motion must, therefore, be denied.

## III. CONCLUSION

Based upon the foregoing, this Court should deny Defendant's Motion to Dismiss.

          Respectfully submitted,

          MICHELLE M. BAEPPLER
          First Assistant United States Attorney

By:   /s/ Peter E. Daly
          Peter E. Daly (OH: 0084745)
          Assistant United States Attorney
          Federal Building
          2 South Main Street, Room 208
          Akron, OH 44308
          (330) 761-0529
          (330) 375-5492 (facsimile)
          Peter.Daly@usdoj.gov